UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Natalie Collins o/b/o Maraih Collins, | ) ) ) | C/A: 4:20-cv-02258-TER |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| Commissioner of Social Security Admin., | ) ) | |
| Defendant. | ) | |

This is an appeal from a denial of social security benefits filed by a *pro se* litigant. On July 20, 2020, service was issued and authorized on Defendants. (ECF No. 14). In such order, Plaintiff was informed:

> Under Local Civil Rule 83.VII.04 (D.S.C.), within 30 days after Defendant files an answer to the Complaint, Plaintiff shall file in the Clerk of Court's Office a written brief setting out his arguments in support of his claim that Social Security benefits were improperly denied to him.
> ...
> A party's brief may be its only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief.

(ECF No. 14).

On December 8, 2020, the record and answer were filed by Defendants, which started the running of the deadline for Plaintiff's brief. (ECF Nos. 21, 22). On December 8, 2020, by court order, Plaintiff was again informed of the same as the prior order as quoted above. (ECF No. 23). Plaintiff's brief was due by January 10, 2021 and as of January 13, 2021 had not been filed. On January 13, 2021, the court ordered Plaintiff to file the brief within five days: "Plaintiff is given five days from the date of this order to file Plaintiff's brief. A party's brief may be its only opportunity to

set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief." (ECF No. 25). Plaintiff's brief was due January 18, 2021. Plaintiff has made no filings since the court's orders.

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed that Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order.   The Court has not received a response from Plaintiff and the time for compliance has passed.

The court has the "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff's lack of response to the Order indicates an intent to not prosecute this case, and subjects this case to dismissal.  *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). Plaintiff here was given

three warnings of a R. 41 dismissal if she failed to respond. Accordingly, this case is dismissed with prejudice. The Clerk of Court shall close the file.

    IT IS SO ORDERED.

|  |  |
|---|---|
| February 2, 2021 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.